**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**
**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**

Larry Lane Roy
Preis & Roy
P. O. Drawer 94-C
Lafayette LA 70509

**REHEARING ACTION: April 7, 2010**

**Docket Number: 09   00643-WCA**

**EDWARD MONTGOMERY**
**VERSUS**
**LAFAYETTE PARISH SCHOOL BOARD**

**Appealed from Office of Workers' Compensation - # 4 Case No. 06-05862**

**BEFORE JUDGES:**

    **Hon. Ulysses Gene Thibodeaux**
    **Hon. Sylvia R. Cooks**
    **Hon. John D. Saunders**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Lafayette Parish School Board** has this day been

    **DENIED.**
    Cooks, J., dissents and assigns written reasons.

cc: Janice Hebert Barber, Counsel for the Appellee

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 09-643


**EDWARD MONTGOMERY**

**VERSUS**

**LAFAYETTE PARISH SCHOOL BOARD**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 04
PARISH OF LAFAYETTE, NO. 06-05862
HONORABLE SHARON MORROW, PRESIDING
**********


## SYLVIA R. COOKS
### JUDGE


**********


Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.


**AFFIRMED, AS AMENDED.**

**Janice H. Barber**
**Janice H. Barber Law Corporation**
**P.O. Box 1909**
**Sulphur, LA 70664-1909**
**(337) 625-4443**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Edward Montgomery**

**L. Lane Roy**
**Preis & Roy**
**P.O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Lafayette Parish School Board**

EDWARD MONTGOMERY

VERSUS

LAFAYETTE PARISH SCHOOL BOARD


**COOKS, J., dissenting.**

ON REHEARING

The School Board filed an application for rehearing, asserting our original opinion failed to address its assignment of error that the trial court erred in finding it arbitrary and capricious in terminating Mr. Montgomery's benefits. I would vote to grant rehearing solely for the limited purpose of clarifying our original opinion, wherein we specifically noted the School Board's arbitrary and capricious acts in wrongfully terminating benefits. We noted, among other things, that Ms. Herron, Mr. Montgomery's vocational rehabilitation counselor, failed to contact the two security jobs in question to verify availability. We also stated it was unreasonable for Ms. Herron not to further investigate exactly what physical requirements the State mandated training courses required. Further, Ms. Herron acknowledged she failed to discuss transportation issues with Mr. Montgomery, which the workers' compensation judge expressly believed was an issue of concern. For these reasons, we found the judgment of the Office of Workers' Compensation was correct in all aspects, including the awards of penalties and attorney fees. I would decline to award counsel for Mr. Montgomery's request for additional attorney fees for having to respond to this Rehearing Application.